**Thomas O. HAYES, Plaintiff,**

v.

**Wilbur SCHMIDT and the Wisconsin State Prison Administration, Defendants.**

**No. 74–C–340.**

United States District Court, W. D. Wisconsin.

Oct. 28, 1975.

Thomas O. Hayes, pro se.

Wm. L. Gansner, Asst. Atty. Gen. of Wis., Dept. of Justice, Madison, Wis., for defendants.

## ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for monetary and injunctive relief. Plaintiff has been granted leave to proceed *in forma pauperis*. Jurisdiction is present. 42 U.S.C. § 1983 and 28 U.S.C. § 1343(3).

The *pro se* complaint alleges that plaintiff is presently incarcerated at the Wisconsin State Prison, Waupun, Wisconsin; that prior to his confinement he was a professional musician; that playing guitar is his only hobby, talent, and profession; that he is permitted group

practice in the music room one and one-half hours per day, five days per week; that he is not permitted individual practice periods in the music room, which is essential to his writing and composing music for his group; that he is not permitted to use his personal cassette player and tapes while practicing in the music room; that he is not permitted to play his guitar in his own cell, where he would be able to use the cassette tapes to practice; that he is not permitted to play his guitar during inside or outside recreation periods; that prisoners who had no interest in music prior to their imprisonment are permitted more practice time in the music room than is plaintiff; that more than one hundred inmates are on a waiting list to use the vacant rooms in the music department for practicing instruments; that plaintiff requested defendant Schmidt that inmates be permitted to practice instruments during inside and outside recreation and in their cells, thus eliminating the long waiting list; that plaintiff's request was denied on the ground that the cell halls would be too noisy; that plaintiff then requested that prisoners be permitted to practice their electric guitars in their cells if they used amplified headphones, which would eliminate the sound; that this request was denied on the ground that the use of amplified headphones would cause circuit problems in the cells; and that defendant Schmidt permits inmates confined in the Wisconsin State Reformatory and other Wisconsin state institutions to practice musical instruments during inside and outside recreation and in their cells and rooms.

Defendants have moved to dismiss the action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure on the ground that the complaint fails to state a claim upon which relief can be granted.

The brief in support of the motion asserts that even if plaintiff's guitar playing is a constitutionally protected activity, it is subject to reasonable regulation as to time and place. Defendants argue that the complaint itself contains the justifications for the restrictions, namely: limited space for inmates to practice music; an interest in minimizing noise; and an interest in avoiding circuit problems in the cells. Defendants also contend that the restrictions against plaintiff's use of his cassette recorder outside his cell is apparently designed to protect his personal possessions from being lost or stolen, and further that the prohibition against playing his instrument during recreation periods is not impermissible since he has substantial time for this activity in the music room. Defendants argue that the different treatment accorded plaintiff compared to inmates with "non-noisy hobbies" is constitutionally permissible; plaintiff's hobby presents problems of disorder which the other hobbies do not. Similarly, it is asserted that lesser restrictions at other institutions are permissible because there may be more favorable facilities and circumstances at those institutions.

In order to prevail on a motion to dismiss, defendants must establish that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 819 (1972). In deciding the motion, I must assume that the allegations of the complaint are true. However, none of the factual allegations contained in defendants' brief may be accepted for the purposes of a motion to dismiss. This means that I may take as true the allegation of the complaint that plaintiff was informed that his request was being denied because cell halls would be too noisy if inmates played their guitars in their cells; but I may not take as true defendants' contentions that in fact cell halls would be too noisy if inmates played guitars in their cells. Similarly, I may assume to be true the allegation in the complaint that plaintiff was in-

formed that the use of amplified headphones in cells would not be permitted because of problems with the electrical circuit; but I may not assume to be true defendants' contention that use of the headphones in cells would in fact cause such problems.

■ Plaintiff is asserting an interest in playing his musical instrument and is challenging the restrictions placed on his exercise of that interest. This individual interest is important enough to require the court to allocate to the defendant officials the burden of persuading the court that there is sufficient justification for the impairment of the individual interest. I do not presently decide whether this interest is to be characterized as fundamental, nor do I presently define the standard of justification which defendants must meet: whatever the precise nature of this standard may be, I conclude that defendants' factual showing on the present record is insufficient to meet it.

On a motion to dismiss, the defendants "showing" is limited to the allegations of the complaint. Based on the complaint, defendants have shown that there are more than one hundred prisoners waiting to use the music rooms to practice their instruments. This fact gives rise to the inference that plaintiff's use of the music rooms is restricted because space in which to practice is limited. However, this fact does not show why there is not more space in which to practice musical instruments; it clearly does not explain prohibiting plaintiff from practicing in his cell or in the indoor and outdoor recreation areas. There are no other allegations in the complaint which, if assumed to be true, would establish justifications for any of these restrictions.

Since, on the present record, defendants have not made a showing which sufficiently justifies the challenged restrictions, their motion to dismiss is hereby denied.